UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

PATRICIA R. ,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

Case No. 1:25-cv-607

Hon. Hala J. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

This Opinion addresses Plaintiff's appeal of Administrative Law Judge (ALJ) Mary Pamela Hubert's decision denying Plaintiff's request for Supplement Security Income (SSI).  This appeal is brought pursuant to 42 U.S.C. § 405(g).

The record before the Court demonstrates that Plaintiff suffers from a number of severe medically determinable impairments, including hypertension, myocardial infarction, a history of traumatic brain injury, generalized anxiety disorder, major depressive disorder, migraines, and mild intellectual disability.  Plaintiff is a fifty-four-year-old woman.  Plaintiff's medical records indicate that she survived domestic abuse approximately fifteen years ago, including being struck at the back of the head leading to skull fractures.  ECF No. 5-8, PageID.342.  Following that abuse, Plaintiff reports having migraines three to four times a week.  *Id.*  Plaintiff asserts that the ALJ's formulation of her Residual Functional Capacity (RFC) is not supported by substantial evidence.  Plaintiff's primary argument is that the ALJ erred in evaluating the opinion from consultative psychological examiner Dr. Kitchen,

1

specifically that she did not consider the supportability factor.  ECF No. 11, PageID.701.  The Commissioner asserts that the ALJ sufficiently explained why she was not persuaded by Dr. Kitchen's opinion and her analysis reflects consideration of the supportability factor.  ECF No. 15, PageID.717-18.

For the reasons stated below, the undersigned respectfully recommends that the Court affirm the ALJ's decision.

## I.    Procedural History

### A.   Key Dates

The ALJ's decision notes that Plaintiff applied for SSI on December 15, 2022, alleging an onset date of May 6, 2008.  ECF No. 5-2, PageID.37.  Plaintiff's claim was initially denied by the Social Security Administration (SSA) on June 22, 2023.  *Id.* The claim was denied on reconsideration on September 25, 2023.  *Id.*  Plaintiff then requested a hearing before an ALJ.  ALJ Hubert conducted a hearing on Plaintiff's claim on May 1, 2024, and issued her decision on May 29, 2024.  *Id.*, PageID.50. Plaintiff timely filed this lawsuit on May 30, 2025.

### B.  Summary of ALJ's Decision

The ALJ's decision correctly outlined the five-step sequential process for determining whether an individual is disabled.  ECF No. 5-2, PageID.38.

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since December 15, 2022. *Id.*, PageID.39.

At Step Two, the ALJ found that the Plaintiff had the following severe impairments: hypertension, myocardial infarction, history of traumatic brain injury,

generalized anxiety disorder, major depressive disorder, migraines, and mild intellectual disability. *Id.* In portion of her decision, the ALJ discussed a number of non-severe impairments, including mild degenerative disk disease of the lumbar spine (9F/13); benign positional vertigo, treated with Meclizine (7F/13); dyslipidemia, treated with Crestor (7F/13); and subclinical hypothyroidism (7F/13). *Id.*

At Step Three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*, PageID.40. The ALJ specifically commented on the impairments listed in 4.00 (cardiovascular system), 11.02 (epilepsy), and SSR 19-4p (headache disorder). *Id.*, PageID.41. The ALJ also discussed the Paragraph B criteria, finding that Plaintiff had: a moderate limitation remembering or applying information; a mild limitation interacting with others; a moderate limitation concentrating, persisting or maintaining pace; and a moderate limitation adapting or managing oneself. *Id.*, PageID. 41-42. The ALJ concluded that the required level of severity for a 12.05 listing (intellectual disorder) was not met because despite Plaintiff "having a full-scale IQ score of 67 on the WAIS-IV at the psychological consultative examination, she does not have significant deficits in adaptive functioning" to satisfy paragraph A or B. *Id.*, PageID.43.

Before going on to Step Four, the ALJ found that the Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: no exertional limits but where the claimant

cannot climb ladders, ropes, and scaffolds. The claimant must avoid concentrated exposure to noise more than a moderate/level 3, and avoid even moderate exposure to hazards which include unprotected heights, dangerous moving machinery, and where the claimant cannot drive a motor vehicle as part of work duties. The claimant can sustain simple, routine, repetitive tasks in a low stress work environment with only simple decision making and infrequent simple changes in routine.

*Id.*, PageID.43.

The ALJ devoted over five pages to discussing Plaintiff's RFC. This discussion included the following:

- a summary of the regulations regarding how the ALJ will address Plaintiff's symptoms, *id.*, PageID. 43-44;

- a summary of Plaintiff's statements, *id.*, PageID. 44;

- a summary of the medical records relating to migraine symptom, hypertension, major depressive disorder, generalized anxiety disorder, insomnia, and a history of traumatic brain injury, and a myocardial infarction (heart attack) in February 2024, *id.*, PageID.44-47;

- a summary of opinions by the state agency medical consultant, state agency psychological consultant, state agency medical consultant at the reconsideration level, and psychological consultative examiner Dr. Kitchen, *id.*, PageID.48-49; and

- an explanation of how the ALJ arrived at her decision on the Plaintiff's RFC, *id.*, PageID.49.

At Step Four, the ALJ concluded that the Plaintiff had no Past Relevant Work (PRW). *Id.*

At Step Five, the ALJ considered Plaintiff's age, education, work experience and RFC and concluded that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.*, PageID.49.

## II.    Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); 42 U.S.C. § 405(g). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. 42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and whatever evidence in the record fairly detracts from its weight. *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way,

without judicial interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords the administrative decision maker considerable latitude and acknowledges that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

### III.    Analysis

Plaintiff argues that ALJ Hubert erred in evaluating the opinion from consultative psychological examiner Dr. Kitchen. ECF No. 11, PageID.701. Specifically, Plaintiff asserts that ALJ Hubert failed to adequately include a supportability analysis. *Id.* The Commissioner responds that ALJ Hubert's analysis of Dr. Kitchen's findings and comparison to the state agency psychological consultant's findings reflects that the ALJ considered the supportability factor. ECF No. 15, PageID.718.

Pursuant to 20 C.F.R. §§ 404.1520c and 416.920c, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Instead, an ALJ will articulate her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion.

6

20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5). In general, the ALJ must explain her consideration of the supportability and consistency factors, but the ALJ is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.1520c(b)(2)-(3) and 416.920c(b)(2)-(3). The regulations explain "supportability" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1) and 416.920c(c)(1).

Here, psychologist Dr. Kitchen authored a medical report on March 8, 2023, as part of the Michigan disability determination service. ECF No. 5-8, PageID.347-51. Dr. Kitchen evaluated Plaintiff's history of illness, personal history, daily functioning, general observations, and mental status to reach the following diagnoses and prognosis:

VII. **DIAGNOSES:**

317    Mild Intellectual Disability

296.32  Major Depressive Disorder, Recurrent, Moderate Severity

History of Head Injury; Thyroid Problems; High Blood Pressure; Breathing Problems; Heart Issues (by client report)

Occupational and Social Difficulties

VIII. **PROGNOSIS:**

The client presents as a neat and reasonably groomed individual. She is likely to have moderate to marked problems understanding, remembering, and applying information, as well as moderate to marked problems with concentration, persistence, and pace. She may have some mild problems with social interaction skills, and will have difficulty adapting to changes in the world around her. Her overall prognosis is considered poor.

ECF No. 5-8, PageID.351.

ALJ Hubert references Dr. Kitchen's report multiple times throughout her opinion.  *See* ECF No. 5-2, PageID. 41, 46-48 (referencing Exhibit 3F – Dr. Kitchen's Michigan Disability Determination Service Report).  The ALJ specifically notes that Dr. Kitchen's findings were contrary to the state agency psychological examiner's review.  The state agency psychological examiner concluded that Dr. Kitchen's opinion "relies heavily on the subjective report of symptoms and limitations provided by the individual, and the totality of the evidence does not support the opinion."  ECF No. 5-3, PageID.92.  Ultimately ALJ Hubert did not find Dr. Kitchen's opinion persuasive due to the lack of consistency with the rest of Plaintiff's records:

> The undersigned finds it the opinions of the state agency medical consultant, are not persuasive (2A). The consultant opined that the physical impairments were nonsevere impairments. These opinions are not consistent with or supported by the evidence at the hearing level, which is supportive of severe physical impairments.
>
> The undersigned finds it the opinions of the state agency psychological consultant at the reconsideration level are persuasive as the consultant opined that the claimant retained the capacity to sustain simple routine and repetitive tasks in a low stress work environment with only simple decision-making and infrequent simple changes in routine (3A). These opinions are generally consistent with and supported by the evidence at the at the hearing level, which includes grossly normal mental status examinations (6F/12-13, and 6F/9).
>
> The undersigned finds it the opinions of the state agency medical consultant at the reconsideration level are persuasive as the consultant opined that there were no exertional limitations; however, the claimant had postural limitations that included no climbing of ladders, ropes, or scaffolds; and environmental limitations that included avoiding concentrated exposure to noise, and avoiding even moderate exposure to hazards such as unprotected heights, and dangerous moving machinery and no driving (3A). These opinions are generally consistent with and supported by the evidence at the hearing level, which includes grossly normal physical examinations (2F/10, 7F/11, 7F/8, 5F/3 and 9F/17-18).
>
> The undersigned finds it the opinions of the examiner, Dr. Kitchen, at the psychological consultative examination, are not persuasive (3F/6). These opinions are not consistent with the claimant's mental health treatment records, activities of daily living, prior work history, and her reports of her functioning in the Function Report (3E and 4E). Moreover, the State Agency psychological examiner reviewed Dr. Kitchen's report and did not find it to be persuasive or consistent with the overall evidence (3A).

ECF No. 5-2, PageID.48.

For supportability, the inquiry is "the extent to which a medical source has articulated support for the medical source's own opinion."  *Benjamin C. v. Comm'r of*

*Soc. Sec.*, No., 2025 WL 2646473 at *4 (W.D. Mich. Aug. 27, 2025) (quoting *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021)). While ALJ Hubert did not directly articulate the word "supportability" in her analysis, she articulated that Dr. Kitchen's opinion was not persuasive due to inconsistencies with the rest of the record, including the Function Report and state agency psychological examiner's review. *Id.* The ALJ engaged in extensive analysis of the different medical opinions and ultimately concluded that the state agency psychological examiner's review was more persuasive. This indicates that the ALJ found the state agency review more heavily supported by the record. In the opinion of the undersigned, the ALJ's decision substantially complies with the requirements of § 404.1520c and is supported by substantial evidence in the record. *See Hardy v. Comm'r of Soc. Sec. Admin.*, No. 2:20-cv-4097, 2021 WL 4059310 at *4 (S.D. Ohio Sept. 7, 2021) ("The ALJ's decision substantially complied with the requirements of § 404.1520c, and her failure to specifically use the terms "supportability" and "consistency" in her analysis, even if error, was harmless.")

Accordingly, in the opinion of the undersigned, Plaintiff has failed to establish that ALJ Hubert errored in her evaluation of Dr. Kitchen's opinion.

## IV.    Conclusion

For the reasons stated above, in the opinion of the undersigned, the ALJ's decision is supported by substantial evidence. Accordingly, the undersigned respectfully recommends that the Court affirm the ALJ's decision.

Dated:  April 27, 2026                                    /s/ *Maarten Vermaat*
                                                               MAARTEN VERMAAT
                                                               U.S.  MAGISTRATE JUDGE


## NOTICE TO PARTIES

Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).