UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA R.,

      Plaintiff,

                                     Case No. 1:25-cv-607

v.

                                     Hon. Hala Y. Jarbou

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's report and recommendation that the Commissioner of Social Security's denial of plaintiff Patricia R.'s claim for Supplemental Security Income be affirmed.  (R&R, ECF No. 19.)  Plaintiff's complaint alleges that the administrative law judge (ALJ) who adjudicated her claim failed to explain why the assessment of a psychologist who found Plaintiff to have a serious cognitive deficit was unsupported.  Plaintiff now objects that the magistrate judge compounded the ALJ's error by treating the ALJ's comparative assessment of the psychologist's opinion as if it were an analysis of the opinion's intrinsic soundness.  (Obj. 2, ECF No. 20.)  Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  The Court is persuaded that the ALJ did not explain why the psychologist's opinion was unsupported, but it concludes that the error was harmless.  The Court will therefore adopt the R&R in part and affirm the Commissioner's decision.

"[R]eview of an ALJ's decision as to whether the claimant is disabled is 'limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence.'"  *Beery v. Comm'r of Soc. Sec.*, 819 F. App'x 405, 408 (6th Cir. 2020) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)).  Plaintiff argues the ALJ failed to adhere to the Social Security Administration's regulations on the weighing of medical opinions.  Under 20 C.F.R. § 404.1520c (2025), ALJs must expressly consider two characteristics of a medical opinion when evaluating its persuasiveness: the "supportability" of the opinion relative to the "objective medical evidence and supporting explanations" on which the opinion is based, *id.* § 404.1520c(c)(1), and the "consistency" of the opinion "with the evidence from other medical" and nonmedical sources, *id.* § 404.1520c(c)(2).  The regulation says that the Administration "will explain how we considered the supportability and consistency factors for a medical source's medical opinions" in articulating its decision on a benefits claim.  *Id.* § 404.1520c(b)(2).

According to Plaintiff, the ALJ did not address the support for the opinion of Paul Kitchen, a psychologist who examined Plaintiff on behalf of the Michigan Department of Health and Human Services in March 2023.  (*See* ECF No. 5-8, PageID.346–355.)  The ALJ accurately summarized Dr. Kitchen's opinion (ECF No. 5-2, PageID.46), but when it came time to evaluate the opinion's persuasiveness, the ALJ did not assess the strength of the "objective medical evidence and supporting explanations" set out in Dr. Kitchen's report (*id.*, PageID.48).  For instance, although the ALJ recognized that Dr. Kitchen believed Plaintiff "was likely to have moderate to marked problems understanding, remembering, or applying information" and "considered her overall prognosis . . . poor" (*id.*, PageID.46), the ALJ did not explain whether those conclusions were justified by Plaintiff's responses to Dr. Kitchen's questions, or by the

results of Plaintiff's IQ test, which indicated that she falls into the first percentile of adults ranked by cognitive capacity.  The ALJ's analysis was limited to noting that Dr. Kitchen's opinion was inconsistent with other evidence of Plaintiff's mental health, such as her treatment records and her prior work history, and to mentioning that the state agency psychological examiner who reviewed Dr. Kitchen's report found it unpersuasive.

This was error.  Ascertaining the degree to which a medical opinion is supported requires an evaluation of the relationship between the medical provider's observations and the conclusions derived from those observations.  It is not an assessment of the extent to which the opinion is contradicted by evidence the opinion does not purport to rely on.  *See Turner v. Comm'r of Soc. Sec. Admin.*, No. 3:24-cv-182, 2025 WL 2759571, at *4 (E.D. Tenn. Sep. 29, 2025) ("[S]upportability is a consideration of whether or not a medical source has explained—or sufficiently justified—his or her own opinion." (cleaned up)).  The regulation obligated the ALJ to explain the degree to which Dr. Kitchen's opinion about Plaintiff's mental faculties was substantiated by her responses to his diagnostic questions and her performance on the IQ test.  By failing to do so, the ALJ did not discharge her duty to explain how the support (or lack thereof) for Dr. Kitchen's opinion influenced her conclusion about the opinion's persuasiveness.

This error does not, however, mandate reversing the ALJ's decision. The harmless-error rule has long had a place in American administrative law.  *See* Hickman & Pierce, Administrative Law Treatise § 12.1, VitalLaw (database updated Nov. 2025).  In the social-security context, the Sixth Circuit has held that a deficiency in an ALJ's explanation of the weight afforded to a medical opinion may be excused if the "opinion is so patently deficient that the Commissioner could not possibly credit it," or "the Commissioner made findings consistent with . . . the opinion," or "the purposes of notice and ability for meaningful review have been satisfied."  *Hargett v. Comm'r of*

*Soc. Sec.*, 964 F.3d 546, 554 (6th Cir. 2020) (cleaned up).  Although the Sixth Circuit has not applied the harmless-error rule to the Administration's current regulations, which no longer direct the Commissioner to give controlling weight to the opinions of treating physicians, the circumstances identified in *Hargett* may arise under the current regulations too.  *See Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 908 (E.D. Mich. 2021).[1]  So long as the path of the ALJ's reasoning can be roughly traced, and that reasoning is supported by substantial evidence, the regulation's aims of explaining decisions to claimants and of laying down a basis for judicial review are satisfied.  *See Hubbert v. Comm'r of Soc. Sec.*, No. 1:24-cv-423, 2025 WL 1478674, at *1 (W.D. Mich. May 23, 2025).

That is the case here.  The ALJ adequately explained why Dr. Kitchen's opinion was ultimately unpersuasive: it contradicted other evidence of Plaintiff's mental capacity, and it was rejected by the state agency psychological examiner when they initially denied Plaintiff's claim. The examiner expressly found Dr. Kitchen's opinion unsupported because of its overreliance on Plaintiff's subjective reports and its overestimation of Plaintiff's functional limitations.  (ECF No. 5-3, PageID.84.)  In endorsing the examiner's assessment of Dr. Kitchen's opinion, the ALJ provided an adequate, if not direct, explanation for why the ALJ regarded the opinion as unsupported.  That, combined with the explicit finding that the opinion was inconsistent with the entire record, suffices as an explanation of why the ALJ regarded Dr. Kitchen's diagnosis as

---

[1] *Hardy* suggests that "the importance of cogent explanations is perhaps even more important" now that the Administration no longer affords controlling weight to the opinions of treating physicians.  554 F. Supp. 3d at 908. But it was the "central and important role" that the opinion of a treating physician played "in a claimant's application for social security benefits" that justified requiring the Commissioner to precisely explain the weight afforded to that opinion.  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 656 (6th Cir. 2009).  It is not evident that the "circumscribed form of harmless error review" engineered to enforce compliance with the treating-physician rule should be extended to decisions made under the current regulations. *Id.*

unpersuasive.  The Court concludes that the ALJ's failure to fully articulate why Dr. Kitchen's opinion was unsupported was harmless.  Reversal of the ALJ's decision is therefore unwarranted.

**IT IS ORDERED** that the R&R (ECF No. 19) is **ADOPTED** in part as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 20) is **SUSTAINED** in part.

A judgment shall issue in accordance with this Order.

Dated: May 29, 2026                                     /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE

5